UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DAVID R. EMERSON,              )
                               )   No. CV-09-194-CI
          Plaintiff,           )
                               )
v.                             )   ORDER GRANTING DEFENDANT'S
                               )   MOTION FOR SUMMARY JUDGMENT
MICHAEL J. ASTRUE,             )   AND DENYING PLAINTIFF'S
Commissioner of Social         )   MOTION FOR SUMMARY JUDGMENT
Security,                      )
                               )
          Defendant.           )
                               )

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 13, 15.)  Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Mathew W. Pile represents Defendant. The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 7.)  After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff David R. Emerson (Plaintiff) protectively filed for supplemental security income (SSI) on August 1, 2006. (Tr. 11, 108.) Plaintiff alleged an onset date of January 1, 1987.  (Tr. 94.) Benefits were denied initially and on reconsideration.  (Tr. 56, 66.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ R.S. Chester on September 24, 2008. (Tr. 28-53.)  Plaintiff was represented by counsel and testified at the hearing.  (Tr. 32-49.)   Vocational expert Tom Moreland also

1  testified.  (Tr. 47-51.)  The ALJ denied benefits. (Tr. 11-25.) The
2  Appeals Council denied review.  (Tr. 1.)  The instant matter is before
3  this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

5      The facts of the case are set forth in the administrative record
6  and the briefs of Plaintiff and the Commissioner, and will therefore
7  only be summarized here.

8      At the time of the hearing, Plaintiff was 22 years old.  (Tr.
9  32.)  Plaintiff went to school through the eleventh grade.  (Tr. 34.)
10 He testified that he tried to get a GED but was unable to complete the
11 math test because he could not concentrate.  (Tr. 34.)  He last worked
12 for about a week as security for bands but could not walk from 8:00
13 a.m. to 8:00 p.m. as required by the job.  (Tr. 35-36.)  Plaintiff
14 previously worked washing cars, in the Walmart garden center, and at
15 a print shop.  (Tr. 45.)  His longest job lasted one month.  (Tr. 46.)
16 He said he is prevented from working by constant chest pain due to
17 open heart surgery when he was 11 months old.  (Tr. 36-38.)  He is
18 prevented from working by aches and pains in his ankles.  (Tr. 36.)
19 His ankles hurt whenever he walks.  (Tr. 38.)  He testified his hands
20 also tingle which limits his ability to use them.  (Tr. 39.)  He says
21 he spends 75 percent of the day lying down due to chest pain.  (Tr.
22 46.)  Plaintiff previously received SSI from age 15 to 18.  (Tr. 44.)

### STANDARD OF REVIEW

24     Congress has provided a limited scope of judicial review of a
25 Commissioner's decision.  42 U.S.C. § 405(g).  A court must uphold the
26 Commissioner's decision, made through an ALJ, when the determination
27 is not based on legal error and is supported by substantial evidence.
28 *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

1  *Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's]
2  determination that a claimant is not disabled will be upheld if the
3  findings of fact are supported by substantial evidence." *Delgado v.*
4  *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).
5  Substantial evidence is more than a mere scintilla, *Sorenson v.*
6  *Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a
7  preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir.
8  1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d
9  573, 576 (9th Cir. 1988).  Substantial evidence "means such relevant
10 evidence as a reasonable mind might accept as adequate to support a
11 conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971)
12 (citations omitted).  "[S]uch inferences and conclusions as the
13 [Commissioner] may reasonably draw from the evidence" will also be
14 upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965).  On
15 review, the court considers the record as a whole, not just the
16 evidence supporting the decision of the Commissioner. *Weetman v.*
17 *Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*,
18 648 F.2d 525, 526 (9th Cir. 1980)).

19      It is the role of the trier of fact, not this court, to resolve
20 conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence
21 supports more than one rational interpretation, the court may not
22 substitute its judgment for that of the Commissioner. *Tackett*, 180
23 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).
24 Nevertheless, a decision supported by substantial evidence will still
25 be set aside if the proper legal standards were not applied in
26 weighing the evidence and making the decision. *Brawner v. Sec'y of*
27 *Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988).  Thus,
28 if there is substantial evidence to support the administrative

findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation.  The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 1, 2006, the application date.  (Tr. 13.)  At step two, he found Plaintiff has the following severe impairments: chest deformity; and congenital heart defect, status-post corrective surgery at 11 months of age.  (Tr. 13.)  At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 18.)  The ALJ then determined, "claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 416.967(c)."  (Tr. 19.)  At step four, the ALJ found Plaintiff has no past relevant work.  (Tr. 23.)  After taking into account Plaintiff's age, education, work experience, residual functional capacity and the testimony of a vocational expert, the ALJ found there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.  (Tr. 24.)  Thus, the ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, since August 1, 2006, the date the application was filed.  (Tr. 24.)

**ISSUES**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

1    The question is whether the ALJ's decision is supported by
2 substantial evidence and free of legal error.  Specifically, Plaintiff
3 asserts the ALJ: (1) erroneously determined Plaintiff does not have a
4 severe mental impairment; (2) improperly rejected an examining
5 psychologist opinion; and (3) made an unsupported RFC finding.  (Ct.
6 Rec. 14 at 7-15.)  Defendant argues the ALJ: (1) properly discounted
7 Plaintiff's credibility; (2) properly rejected the opinion of an
8 examining psychologist; and (3) properly found that Plaintiff does not
9 have a severe mental impairment.  (Ct. Rec. 16 at 6-18.)

10                              **DISCUSSION**
11 **1.    Credibility**

12    Plaintiff argues the ALJ did not set forth adequate reasons for
13 rejecting Plaintiff's testimony. (Ct. Rec. 14 at 12-15.)    In social
14 security proceedings, the claimant must prove the existence of a
15 physical or mental impairment by providing medical evidence consisting
16 of signs, symptoms, and laboratory findings; the claimant's own
17 statement of symptoms alone will not suffice.  20 C.F.R. § 416.908.
18 The effects of all symptoms must be evaluated on the basis of a
19 medically determinable impairment which can be shown to be the cause
20 of the symptoms.  20 C.F.R. § 416.929.

21    Once medical evidence of an underlying impairment has been shown,
22 medical findings are not required to support the alleged severity of
23 the symptoms.  *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).
24 If there is evidence of a medically determinable impairment likely to
25 cause an alleged symptom and there is no evidence of malingering, the
26 ALJ must provide specific and cogent reasons for rejecting a
27 claimant's subjective complaints.  *Id.* at 346.    The ALJ may not
28 discredit pain testimony merely because a claimant's reported degree

of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989).  The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition.  *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 599, 601-02 (9th Cir. 1999).  In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599.  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but the Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms are not credible to the extent they are inconsistent with the RFC assessment.  (Tr. 21.) The ALJ then made a detailed credibility analysis, citing Plaintiff's specific allegations and points in the record which demonstrate a lack

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

of credibility. (Tr. 21-23.) Plaintiff specifically argues the ALJ improperly rejected his testimony that he needs to lie down up to 75 percent of the day. (Ct. Rec. 14 at 13-14.)

The ALJ noted a number of activities which do not suggest an individual with a medical need to lie around 75% percent of the day. (Tr. 21-22.) The ALJ noted Plaintiff testified he has had constant chest pain since infancy, but questioned the veracity of that allegation based on Plaintiff's activities of daily living. (Tr. 21.) Plaintiff reported he was involved in several physical fights while in school and was arrested for assault. (Tr. 252.) He told medical providers he spends up to four hours per day playing computer games, spends time daily with friends or his girlfriend, is able to care for his personal needs, and is able to perform light household chores. (Tr. 206-07.) He is able to mow the lawn every two weeks during the summer. (Tr. 207.) He also reported watching television, going to the store, playing video games, and enjoying visits with friends. (Tr. 230.) He stated he enjoys softball, track and basketball. (Tr. 230.) Plaintiff broke his ankles jumping off a roof and playing basketball. (Tr. 37, 247.) The ALJ observed these activities would likely be avoided by a person suffering from constant chest pain. (Tr. 21.) The ALJ concluded Plaintiff's activities are inconsistent with the abilities of someone who needs to lie down 75% of the day. (Tr. 22.) This is a reasonable interpretation of the evidence.

Plaintiff argues playing video games up to four hours per day is not inconsistent with the need to lie down for 75% of the day. (Ct. Rec. 14 at 14.) Even if Plaintiff is correct and he is entirely supine while playing video games, the ALJ cited many other factors supporting his credibility determination. (Tr. 21-23.) Plaintiff

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

also argues that his enjoyment of basketball, track, and softball does not necessarily mean that he participates in them "on a regular and continuous basis." (Ct. Rec. 14 at 14.) However, it is not unreasonable to consider participation in such activities as beyond the capabilities of a person so disabled by chest pain that he needs to lie down for 75% of the day. This was one factor of many considered by the ALJ, and it is based on a reasonable interpretation of the evidence.

In addition, evidence of daily activities inconsistent with chest pain since the age of 11 months, the ALJ cited other evidence that Plaintiff's chest pain is not as severe as alleged. (Tr. 21.) The ALJ pointed out that despite such severe chest pain, Plaintiff never had follow-up cardiac care or other medical treatment for his heart condition. (Tr. 21, 157.) The ALJ also pointed out that one physician was concerned that Plaintiff complained of pain and the need for narcotics 18 years after surgery, and another physician noted that Plaintiff only sought treatment for chest pain in emergency rooms and had not discussed the chest pain with his primary care physician. (Tr. 177, 188.) A sternal wire was identified as the likely cause of Plaintiff's chest pain and the wire was surgically removed. (Tr. 177, 180, 188.) Plaintiff testified removing the wire did not help his pain but increased it. (Tr. 42.) However, he is neither taking medication, including nonprescription medication, nor has he sought medical treatment. (Tr. 240, 244.) These factors are reasonable considerations in evaluating Plaintiff's credibility.

The ALJ cited numerous other factors reflecting negatively on Plaintiff's credibility. (Tr. 21-23.) The ALJ pointed out inconsistencies in the evidence regarding Plaintiff's alleged ankle

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

problems, tingling hands, and limitations in the ability to remember
and concentrate. (Tr. 21-23.)  The ALJ cited inconsistent statements
made by Plaintiff regarding the reason he stopped attending school,
drug use, difficulty with the law, and the reason he does not drive,
as well as inconsistent medical evidence. (Tr. 22-23.)  Plaintiff does
not challenge the other factors not related to activities of daily
living and described by the ALJ in his decision.  As a result, the
ALJ's credibility finding is based on clear and convincing reasons
supported by substantial evidence and the ALJ did not err.[1]

**2.   Step Two**

Plaintiff argues the ALJ erred by failing to find a severe mental
impairment at step two. (Ct. Rec. 14 at 8-12.)   At step two of the
sequential process, the ALJ must determine whether Plaintiff suffers
from a "severe" impairment, i.e., one that significantly limits his or
her physical or mental ability to do basic work activities.  20 C.F.R.
§ 416.920(c).   To satisfy the step two requirement of a severe
impairment, a claimant must prove the existence of a physical or
mental impairment by providing medical evidence consisting of signs,
symptoms, and laboratory findings; the claimant's own statement of
symptoms alone will not suffice.  20 C.F.R. § 416.908.  The fact that
a medically determinable condition exists does not automatically mean
the symptoms are "severe" or "disabling" as defined by the Social

---

[1]Plaintiff also argues the ALJ's determination that Plaintiff can
perform a full range of medium work is erroneous.  (Ct. Rec. 14 at 8.)
Plaintiff's RFC argument is based entirely upon his credibility
argument.  (Ct. Rec. 14 at 12-15.) As discussed herein, the ALJ's
credibility determination is supported by substantial evidence.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT –11

Security regulations. *See, e.g., Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28. The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting." *Id.*

Further, even where non-severe impairments exist, these impairments must be considered in combination at step two to determine if, together, they have more than a minimal effect on a claimant's ability to perform work activities. 20 C.F.R. § 416.929. If impairments in combination have a significant effect on a claimant's ability to do basic work activities, they must be considered throughout the sequential evaluation process. *Id.* Thus, the issue at step two is whether ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

medically severe impairment or combination of impairments. *Webb v. Barnhart*, 433 F.3d 683, 687 (9ᵗʰ Cir. 2005).

As explained in the Commissioner's policy ruling, "medical evidence alone is evaluated in order to assess the effects of the impairment(s) on ability to do basic work activities." S.S.R. 85-28. Thus, in determining whether a claimant has a severe impairment, the ALJ must evaluate the medical evidence.

The ALJ found that allegations of pain disorder and personality disorder are not medically determinable impairments. (Tr. 17.) Plaintiff argues the opinion of psychologist Dr. Pollack establishes severe mental impairments. (Ct. Rec. 9-10.) Dr. Pollack prepared a psychological evaluation report dated September 18, 2008. (Tr. 246-51.) Dr. Pollack diagnosed pain disorder due to psychological factors and general medical condition and attention deficit/hyperactivity disorder NOS (by history) and assessed a GAF of 60.[2] (Tr. 251.) Dr. Pollack prepared a supplemental report dated September 22, 2008, after reviewing additional records. (Tr. 252-53.) He again diagnosed pain disorder and ADHD and added the diagnosis of personality disorder with antisocial traits. (Tr. 253.) Dr. Pollack assessed a GAF of 55. Dr. Pollack also completed a Mental Medical Source Statement and indicated Plaintiff has marked limitations in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms

---

[2] A GAF score of 51-60 indicates moderate symptoms or any moderate impairment in social, occupational or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, 4ᵀᴴ Ed. at 32.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

and to perform at a consistent pace without an unreasonable number and length of rest periods. (Tr. 255.) He also assessed two moderate limitations in the ability to accept instructions and respond appropriately to criticism from supervisors and the ability to maintain attention and concentration for extended periods. (Tr. 254-55.)

The ALJ gave little weight to Dr. Pollack's opinion. (Tr. 16.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

In this case, the opinion of another psychologist, Dr. Chandler, contradicts Dr. Pollack's opinion. Dr. Chandler prepared a psychological diagnostic evaluation dated February 9, 2007. (Tr. 205-07.) Dr. Chandler diagnosed only attention-deficit/hyperactivity

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14

disorder (by history) and assessed a GAF of 60.  (Tr. 207.)  She indicated Plaintiff's knowledge, memory, persistence, judgment and pace were within normal limits. (Tr. 207.)  He had some problems with concentration, but Dr. Chandler found he was able to understand, remember and carry out short, simple instructions.  (Tr. 207.)  The limitations assessed by Dr. Chandler conflict with those assessed by Dr. Pollack.   Thus, the ALJ was required to set forth specific, legitimate reasons supported by substantial evidence in rejecting Dr. Pollack's opinion.

The ALJ gave three reasons for rejecting Dr. Pollack's diagnoses and limitations.  (Tr. 16-17.)  First, the ALJ rejected Dr. Pollack's diagnoses of personality disorder and pain disorder based on a lack of any finding in previous examinations.  (Tr. 16-17.)  The consistency of a medical opinion with the record as a whole is a relevant factor in evaluating a medical opinion.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Dr. Chandler did not diagnose personality disorder or pain disorder and specifically found that Plaintiff would have no difficulty with interacting the public or co-workers, that Plaintiff would have no problem adjusting to changes in the work place, and that Plaintiff is capable of understanding, remembering and carrying out simple instructions.  (Tr. 207.)

The only other psychological evidence of record is the state reviewing psychologist finding of no medically determinable impairment.  (Tr. 213-225.)  In February 2007, Dr. Beaty reviewed Dr. Chandler's evaluation and concluded that despite Plaintiff's reported history of ADHD, there is no objective evidence to support a psychological medically determinable impairment.  (Tr. 225.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -15

Plaintiff seems to suggest that Dr. Pollack's opinion should be weighted more than Dr. Chandler's as a matter of law. It is the ALJ's duty to resolve conflicts and ambiguity in the medical and non-medical evidence. *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999). It is not the role of the court to second-guess the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Plaintiff asserts Dr. Chandler did not conduct objective testing (Ct. Rec. 14 at 11), but Dr. Chandler reported results from a Mental Status Exam, the Burns Anxiety Inventory, The Burns Depression Checklist, Trail Making Part A & B, and the Rey 15-item Visual Memory Test. (Tr. 206-07.) Dr. Chandler noted, "MSE indicates that his knowledge, memory, persistence, judgement, and pace were within normal limits." (Tr. 207.) Plaintiff also implies that Dr. Pollack's report is more reliable because he reviewed Plaintiff's medical records. (Ct. Rec. 14 at 11.) However, Plaintiff does not point to any specific finding by Dr. Pollack supported by Plaintiff's medical records which Dr. Chandler did not also consider or which may have changed Dr. Chandler's opinion.[3] Plaintiff also notes Dr. Pollack saw Plaintiff twice, while Dr. Chandler examined Plaintiff on only one

---

[3]Dr. Pollack mentioned records reviewed reflect diagnosis of attention deficit disorder in 1992 and adjustment disorder with disturbance of conduct in 1994. (Tr. 252.) These records are not found in the court record. Additionally, Dr. Pollack's report mentions review of Dr. Chandler's evaluation and Dr. Weir's physical assessment. (Tr. 247-48.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -16

occasion. (Ct. Rec. 14 at 11.) Dr. Pollack saw Plaintiff twice in one week, not repeatedly over a period of time. This does not necessarily show greater familiarity with Plaintiff or demonstrate an inadequacy in Dr. Chandler's report. When faced with conflicting medical reports, the ALJ reasonably considered that no other evidence in the record supports Dr. Pollack's diagnoses of pain disorder and personality disorder. This constitutes a specific, legitimate reason justifying rejection of Dr. Pollack's opinion.

The second reason mentioned by the ALJ in rejecting Dr. Pollack's opinion is that the opinion was generated for litigation purposes. (Tr. 16-17.) The ALJ pointed out that Dr. Pollack prepared two reports within five days, a week before the hearing in this matter. (Tr. 17.) An ALJ may not assume doctors routinely misrepresent to help their patients collect disability benefits. *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (citing *Ratto v. Sec'y*, 839 F. Supp. 1415, 1426 (D. Ore. 1993). On the other hand, in certain circumstances, an ALJ is permitted to question the credibility of a doctor's report when it is solicited by counsel. *Saelee v. Chater*, 94 F.3d 520, 522-23 (9th Cir. 1996). If other evidence undermines the credibility of a medical report, the purpose for which the report was obtained may be a legitimate basis for rejecting it. *Reddick v. Chater*, 157 F.3d 715 (9th Cir. 1998). The fact that an examination was conducted at the request of an attorney is a relevant fact where the opinion itself provides grounds for suspicion as to its legitimacy. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996).

In this case, the ALJ pointed out that Dr. Pollock's specific findings on examination are inconsistent with the limitations assessed by Dr. Pollock. (Tr. 16.) A medical opinion may be rejected by the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -17

ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas*, 278 F.3d at 957.   Dr. Pollock assessed a marked limitation in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, yet noted that Plaintiff arrived 10 minutes early for his appointment.   (Tr. 246.)   Dr. Pollock also assessed a marked limitation in the ability to complete a normal workday and workweek and to perform at a consistent pace without an unreasonable number and length of rest periods.   (Tr. 255.)   However, Dr. Pollock noted Plaintiff worked hard at the tasks presented to him, except when he was not sure of the correct answer.   (Tr. 246.)   He also assessed moderate limitations in the ability to accept instructions and respond appropriately to criticism from supervisors, and in the ability to maintain attention and concentration for extended periods.   (Tr. 254-55.)   However, Plaintiff was friendly and cooperative throughout the interview and testing, and no problems with supervisors or accepting criticism are noted in Plaintiff's history.   (Tr. 246-47.)   Because of these inconsistencies, Dr. Pollack's report is undermined and the ALJ was permitted to consider the purpose for which the report was obtained as a specific, legitimate reason supported by substantial evidence.

Third, the ALJ concluded the alleged symptoms and limitations were based on Plaintiff's unreliable self-report.   (Tr. 16-17.)   A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Fair*, 885 F.2d at 604. The ALJ made a properly supported determination that Plaintiff is not

credible, and it is, therefore, appropriate to reject limitations assessed by Dr. Pollack which are based on Plaintiff's self-report. In addition, Plaintiff provided inconsistent information to Dr. Pollack regarding several issues.  Plaintiff alleged he stopped his past jobs due to chest pain or inability to perform the work, but Dr. Pollock noted that a medical evaluation by Dr. Weir indicated that Plaintiff can work with his physical limitations.  (Tr. 247-48.)  At the first examination, Plaintiff reported he did not drive from fear of an air bag hitting him in the chest, while at the second exam he indicated he was arrested for possession of marijuana and could not obtain a driver's license.  (Tr.  248-29, 252.)  At the first exam, Plaintiff denied difficulty with the law, but at the second examination he mentioned being in trouble with the law on three occasions, including at least two arrests.  (Tr. 249, 252.)  The ALJ pointed out that if Plaintiff was not consistent about his criminal history, drug use and reasons for not driving, it is reasonable to conclude that Plaintiff was not forthright in his recitation of physical impairments and symptoms which are the basis of Dr. Pollack's findings.  (Tr. 16-17.) These are all factors properly considered by the ALJ in rejecting Dr. Pollack's opinion.[4]

---

[4]In discussing the reliability of Plaintiff's self-report to Dr. Pollack, the ALJ also pointed out that Plaintiff has not had any mental health treatment or taken any medication for mental health problems since the date of application for benefits.  (Tr. 17.)  The Ninth Circuit has recognized "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation."  *Nguyen v. Chater*, 100 F.3d

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -19

The ALJ provided specific, legitimate reasons supported by substantial evidence for rejecting Dr. Pollack's diagnoses and assessed limitations. The diagnoses of pain disorder and personality disorder are not supported by other evidence in the record. As a result, the ALJ properly concluded that they are not medically determinable impairments.

The ALJ determined ADHD is a medically determinable impairment, but found it is not a severe impairment. (Tr. 16.) As noted above, the severity requirement is not satisfied when medical evidence shows that the person has the ability to perform basic work activities. S.S.R. 85-28. Basic work activities affected by psychological factors include understanding, carrying out and remembering simple instructions, responding appropriately to supervision, coworkers and usual work situations, and dealing with changes in a routine work

---

1462, 1465 (9th Cir. 1996), quoting *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989). A claimant's failure to seek treatment for a mental disorder is not a substantial basis on which to conclude a psychological assessment is inaccurate. *Id.* In this case, however, no severe mental health impairment has been established and a lack of treatment is consistent with that determination. Even if the ALJ erred by considering Plaintiff's lack of mental health treatment, the error is harmless because the ALJ cited other substantial evidence that Plaintiff's reports to Dr. Pollack were unreliable. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1162 (9th Cir. 2008); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Batson v. Comm'r Soc. Sec. Admin*, 359 F.3d 1190, 1195-97 (9th Cir. 2004).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -20

setting. *Id.* Dr. Chandler found Plaintiff is able to understand, remember and carry out short, simple instructions. (Tr. 207.) Plaintiff's interactions with Dr. Chandler were appropriate, and she opined he is able to interact property with co-workers and the public. (Tr. 207.) She also noted he would be able to respond appropriately to changes in the workplace. (Tr. 207.) In short, Dr. Chandler's report supports the ALJ's conclusion that Plaintiff's ADHD is not a severe impairment affecting his ability to perform basic work activities. Additionally, Plaintiff reported leaving jobs due to physical problems, not due to ADHD or symptoms of ADHD or other mental impairment. (Tr. 45-46, 206, 247.) Dr. Chandler diagnosed ADHD "by history" only, and her finding was based on Plaintiff's self-report. (Tr. 205, 207.) Plaintiff himself told Dr. Chandler ADHD "is not a problem" for him. (Tr. 205.)

ADHD also is discussed in Dr. Pollack's report, which was properly rejected by the ALJ. The only other mentions of ADHD in the record include an emergency room note that Plaintiff reported a history of ADHD, and Dr. Weir's report which indicates Plaintiff reported a history of inattention and poor concentration, as well as taking Ritalin and Strattera for ADHD. (Tr. 188, 229-30.) There is no credible evidence that ADHD interferes with Plaintiff's ability to engage in work related activities. Therefore, the ALJ properly determined ADHD is not a severe impairment at step two.

### CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error. Accordingly,

**IT IS ORDERED:**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -21

1.   Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED.**

2.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Defendant and the file shall be **CLOSED.**

DATED December 7, 2010.


                  S/ CYNTHIA IMBROGNO
            UNITED STATES MAGISTRATE JUDGE